IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MICHAEL WILLIAMSON,

      Plaintiff,                                Civ. No. S-10-2600 KJM DAD

      vs.

SACRAMENTO MORTGAGE, INC., et al.,      AMENDED ORDER[1]

      Defendants.

/

          This action, challenging a foreclosure, was filed in Sacramento County Superior Court on July 1, 2010, by plaintiff acting in pro per. ECF No. 1-1 at 2. The complaint includes sixteen causes of action: (1) declaratory relief; (2) injunctive relief; (3) a request for a determination of the nature, extent and validity of the lien; (4) breach of the duty of good faith and fair dealing; (5) TILA violations, (6) RESPA violations; (7) violation of California Civil Code §§ 1918.5-1921; (8) violation of California Civil Code § 2932.5; (9) rescission; (10) fraud; (11) unfair and deceptive business practices; (12) breach of fiduciary duty; (13) unjust enrichment; (14) unconscionability; (15) predatory lending in violation of California Business and Professions Code §17200; and (16) quiet title. ECF No. 1-1 at 2-31. It names Sacramento

---

[1] This order supersedes the order filed September 30, 2011.

1

Mortgage, Inc., Gateway Bank, Aurora Loan Services, Chicago Title Company, Quality Loan Service Corp., Mortgage Electronic Registrations Systems and Does 1 through 50 as defendants.

I. BACKGROUND

On September 22, 2010, defendants Aurora Loan Services (Aurora) and Mortgage Electronic Registration Services (MERS) removed the case to this court; defendants Quality Loan Service and Chicago Title joined in the notice of removal. ECF Nos. 2, 3. Because plaintiff was representing himself, the case was referred to a magistrate judge. Local Rule 302(c)(21).

On September 29, 2010, defendants Aurora and MERS filed a motion to dismiss for failure to state a claim, supported by a request for judicial notice. ECF Nos. 7-8. After argument, the magistrate judge submitted the motion. *See* ECF No. 22.

After the matter was submitted, plaintiff obtained counsel, who has now appeared in the case. ECF No. 25, 27. Counsel has filed a motion for leave to file an amended complaint. The proposed amended complaint contains ten causes of action: (1) wrongful foreclosure against all defendants; (2) fraud and fraud in the inducement against Aurora; (3) constructive fraud against Aurora; (4) negligence against Aurora; (5) negligent misrepresentation against Aurora; (6) TILA violations against all defendants; (7) RESPA violations against all defendants; (8) declaratory relief against all defendants; (9) cancellation of instruments; and (10) injunction against all defendants. ECF No. 31-2. The proposed amended complaint names the same defendants.

II. THE MOTION TO DISMISS

A properly filed amended complaint supersedes the original complaint and constitutes a waiver of those claims in the original complaint that are not included in the amended complaint. As a result, when an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

(9th Cir. 1992) (amended pleading supersedes the original pleading); *Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008), *cert. denied sub nom., McDaniel v. Sechrest*, __ U.S. __, 130 S.Ct. 243 (2009) (amendment of a complaint constitutes waiver of claims not carried over from previous versions of the complaint); *Marty v. Wells Fargo Bank*, 2011 WL 1103405, at *1 (E.D Cal. Mar. 22, 2011) (amendment moots motion to dismiss); *Mata-Cuellar v. Tennessee Department of Safety*, 2010 WL 3122635, at *2 (M.D.Tenn. Aug. 6, 2010) (when the amended complaint is substantially identical to the original complaint, a properly filed amended complaint will not moot a pending motion to dismiss).

These general principles apply when an amended complaint has been properly filed. In this case, however, plaintiff's amended complaint was not filed within twenty-one (21) days of the filing of the motion to dismiss and so requires leave of the court. FED. R. CIV P. 15(a)(1)(B) & 15(a)(2). As a purely practical matter and also a matter of judicial economy, ignoring the amended complaint makes little sense, particularly when that proposed document does not include some of the claims under attack in the motion to dismiss. Accordingly, the court will consider the amended complaint and, to the extent that it contains claims substantially similar to the original complaint, the court will consider the motion to dismiss as to those claims. However, the court finds the motion to dismiss moot as to the following claims, which were not included in the amended complaint and so have been waived: determination of the amount of the lien, Cal. Comm. Code § 9313 (third cause of action); breach of the implied covenant of good faith and fair dealing (fourth cause of action); violation of Cal. Civ. Code §§ 1918.5-1921 (seventh cause of action); rescission (ninth cause of action); unfair and deceptive business practices (eleventh cause of action); breach of fiduciary duty (twelfth cause of action);[2] unjust

---

[2] The court recognizes that claimed breaches of fiduciary duty underlie several of the causes of action in the proposed amended complaint, but the theories are different. The claim in the original complaint, based the defendants' alleged fiduciary duty not to make a loan to plaintiff that he could not afford, is not repeated in the amended complaint, at least as a claimed breach of any fiduciary duty.

enrichment (thirteenth cause of action); unconscionabily (fourteenth cause of action); predatory lending, Cal. Bus. & Prof. § 17200 (fifteenth cause of action); and quiet title (sixteenth cause of action). In addition, plaintiff has waived fraud claims against all defendants except Aurora.

Defendants have asked the court to take judicial notice of a number of documents, including a deed of trust, an assignment deed of trust, two assignments of the deed of trust, a notice of default, a notice of trustee's sale, and a trustee's deed; some have the Recorder's stamp, while others have reference numbers, reflecting that they have been recorded. ECF No. 8. Plaintiff does not dispute the authenticity of the documents and has attached many of the same documents to the proposed amended complaint. *See* ECF No. 31-2 at 27-52. As these documents are contained in the public record, they are properly subject to judicial notice. FED. R. EVID. 201(b); *see also Grant v. Aurora Loan Services, Inc.*, 736 F.Supp.2d 1257, 1263-64 (C.D. Cal. 2010). Accordingly, the court takes notice of the documents filed at ECF No. 8-1.

A. Standards For A Motion To Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations under the more particularlized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me

4

accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter subject to judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

B.  Factual Background

On March 3, 2005, the Sacramento County Recorder's Office recorded a Deed of Trust, encumbering 8633 Marmon Way, Sacramento, as security for a note in the amount of $280,000. ECF No. 8-1 at 2-3. The Deed identified plaintiff as the borrower; Sacramento Mortgage, Inc., as the Lender; Chicago Title Co. as the Trustee and provided that the lender

/////

5

"may" appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder. . . ." *Id*. at 2, 13.

On March 30, 2005, Sacramento Mortgage assigned the beneficial interest in the Deed of Trust to Gateway Bank. ECF No. 8-1 at 18-19. This was followed on April 5, 2005, with Gateway's assignment of the beneficial interest in the Deed of Trust to Lehman Brothers Bank. ECF No. 8-1 at 21. On December 7, 2005, Lehman Brothers Bank assigned the beneficial interest in the Deed of Trust, "together with the note or notes therein described or referred to," to defendant MERS. ECF No. 8-1 at 24.

On March 20, 2008, a Notice of Default was recorded in the Sacramento County Recorder's Office. It informed plaintiff to contact Aurora Loan Services to "arrange for payment to stop foreclosure." Although the signature on the notice is illegible, the printed words above the signature line read "Quality Loan Service Corp., AS AGENT FOR BENEFICIARY BY Fidelity National Title Insurance Company." ECF No. 8-1 at 26-27.

On May 1, 2008, MERS recorded a substitution of Quality as the trustee. This document was signed and notarized on March 20, 2008; the signer was identified as "Stephen Broviak, VP," while the printed language above the signature line reads "Mortgage Electronic Registration Systems, Inc., as nominee for Aurora Loan Services, LLC." ECF No. 8-1 at 29-30.

Quality recorded a Notice of Trustee's Sale on August 7, 2009. ECF No.8-1 at 33-34. The Trustee's Deed granting the property to Aurora Loan Services was recorded on August 12, 2010. ECF No. 8-1 at 36-37.

C.  Wrongful Foreclosure

Although plaintiff did not use this term in identifying his eighth cause of action in the original complaint, he did allege there was a violation of Cal. Civ. Code § 2932.5, which in turn is referenced in the first cause of action in the FAC. *Compare* ECF No. 1-1 at 21-23 *with* 31-2 at 8-10. He challenged MERS' authority to foreclose or take other action because it allegedly does not hold the note.

In their motion to dismiss, defendants argued that plaintiff lacked standing because he did not allege that he attempted or completed a tender of the full amount owed on the note. ECF No. 7-1 at 10. They also argued there is no requirement that MERS produce the note to initiate foreclosure proceedings and that MERS had the authority to make the necessary assignments to foreclose. ECF No. 7-1 at 19. Plaintiff counters that the tender requirement is not mandatory. ECF No. 17 at 19.

Most courts considering the application of Cal. Civ. Code § 2932.5 have concluded that its recording requirements apply only to mortgages, not to deeds of trust. Plaintiff has not suggested why this court should depart from these holdings. *See, e.g., Washington v. National City Mortgage Co.*, 2010 WL 5211506, at *4 (N.D. Cal. Dec. 16, 2010) ("section 2932.5 applied only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee"); *Parcay v. Shea Mortgage, Inc.*, 2010 WL 1659369, at *12 (E.D. Cal. Apr. 23, 2010). In this case, the claim is particularly inapposite, as each transfer of the beneficial interest in the note and deed of trust was in fact recorded. *See* ECF No. 8-1 at 18-24.

Courts have also rejected the argument that the entity that initiates the foreclosure process must produce the note before undertaking foreclosure, observing that California's comprehensive provisions for non-judicial foreclosure contain no such requirement. *Garfinkle v. Superior Court*, 21 Cal.3d 268, 274 (1978) (non-judicial forfeiture provisions contained in Cal. Civ. Code §§ 2924 through 2924i); *Phillips v. MERS*, 2009 WL 3233865, at *9 (E.D. Cal. Oct. 2, 2009) (provisions cover all aspects of foreclosure process); *Smith v. National City Mortgage*, 2010 WL 5477688, at *5 (E.D. Cal. Dec. 30, 2010) (nonjudicial foreclosure provisions do not require possession of the promissory note to initiate foreclosure).

Finally, as defendants have observed, plaintiff failed to tender the indebtedness as a prerequisite to challenging the foreclosure. In the proposed FAC, plaintiff suggests he was "willing and able to cure his delinquency when he sent $5,000 to Defendant Aurora and

7

continued with enhanced payments." ECF No. 31-2 ¶¶ 22-23, 33.  To set aside a sale, the party challenging it must tender the amount of the debt or perhaps simply the amount of the default, because the irregularities in the foreclosure procedures cannot be deemed to damage plaintiff when plaintiff cannot redeem the property assuming sale procedures had been proper.  *Compare Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996) (amount of indebtedness) *with Miller v. Washington Mutual Bank*, 2011 WL 845935, at *4 (N.D. Cal. Mar. 8, 2011) (amount in default).  Whatever the amount necessary, plaintiff's offer to continue with enhanced payments does not constitute tender under California law.  *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385 (1971) ("a tender is an offer of performance made with the intent to extinguish the obligation" and must offer full performance).

   D. TILA

Plaintiff alleges that defendants failed to provide him with accurate material disclosures and the failure to provide him accurate information about the finance charge "results in an Extended Right to Rescind the loan."  ECF No.1-1 at 17 ¶¶ 69, 71.  In the proposed FAC, he alleges that defendants failed to inform him of the pros and cons of adjustable rate mortgages in language easily understood by prospective home buyers and that "any and all Statutes of Limitations relating to disclosures and notices . . . were tolled" as a result of Sacramento Mortgage's failure to provide the required notices.  ECF No. 31-2 at 19 ¶¶ 94-95.

Defendants argue that plaintiff cannot state a claim for rescission because he has not tendered the loan proceeds and that the statute of limitations has expired on both the rescission and damage claims. ECF No. 7-1 at 15-16.  Plaintiff argues at length about the purpose of TILA and the necessity of clear disclosures, but does not directly address defendants' challenge.

Under the Truth in Lending Act, 15 U.S.C. § § 1601, *et seq*. (TILA), and its implementing regulations, 12 C.F.R. § 226.1, *et seq*., a lender must make certain disclosures to a borrower before the consummation of a loan, including the finance charges, the annual

percentage rate, and the right to rescind the transaction. 15 U.S.C. § 1638(a) & (b); 12 C.F.R. §§ 226.17(b), 226.23(b); *see Yamamoto v. Bank of New York*, 329 F.3d 1167, 1169 (9th Cir. 2003). TILA provides causes of action for rescission and damages if the lender does not make the required disclosures. TILA allows for rescission of certain loans and for damages so long as the borrower acts within specified time periods: under 15 U.S.C. § 1635(f), if the lender fails to provide notice of rescission rights, the usual three day period is extended to three years from the date of the consummation of the transaction; under 15 U.S.C. § 1640(e), if the borrower seeks damages, he must file his action within one year of the transaction. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002) (rescission); *Edstrom v. Ndex West, LLC*, 2010 WL 4069482, at *3 (E.D. Cal. Oct. 18, 2010) (damages).

The Ninth Circuit has observed that "the failure to make the required disclosures occurred, if at all, at the time the loan documents were signed." *Meyer v. Ameriquest Mortgage*, 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). In this case, the loan documents were signed in March 2005, rendering the TILA rescission and damages claims untimely.

Plaintiff suggests he is entitled to some sort of tolling; he claims that any statute of limitations was tolled because the necessary notices were not provided. ECF No. 31-2 at 19 ¶ 95; ECF No. 1-1 at 18 ¶ 70. He fails to acknowledge, however, that § 1635(e) is a statute of repose, not a statute of limitations, and as such is not subject to equitable tolling. *Beach v. Ocwen Federal Bank*, 523 U.S. 410, (1998) ("we . . . hold that §1653 completely extinguishes the right of rescission at the end of the 3-year period"); *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010). Even assuming that plaintiff's mortgage was subject to rescission, this action comes too late. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1042 (E.D. Cal. 2009).

Plaintiff may be entitled to equitable tolling for the TILA damage claim, but the complaint is too conclusory to support the assertion. "To establish excusable delay, plaintiffs

must show 'fraudulent conduct by the defendant[s] resulting in their concealment of the operative facts, [their] failure . . . to discover the operative facts that are the basis of [their] cause of action within the limitations period, and [their] *due diligence . . . until discovery of those facts.*'" *Edstrom v. Ndex West. LLC*, 2010 WL 4069482, at *3, *quoting Federal Election Com'n. v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996) (emphasis in original).  Plaintiff does not identify when he learned of the alleged violation or otherwise plead anything suggesting he is entitled to equitable tolling.  This is insufficient to avoid dismissal.  *Lane,* 713 F.Supp. at 1100. Plaintiff will be given leave to amend the damages portion of his TILA claim.

    B.  RESPA

        Plaintiff alleges that the defendants violated Real Estate Procedures Act (RESPA) by "1) not providing Plaintiff with standard good faith estimates clearly disclosing key loan terms and closing costs; 2) not providing Plaintiff with a new HUD-1 settlement statement and 3) the payments to the mortgage broker and to the lender in regard to the principal balance and the interest adjustment were misleading and designed to create a windfall, in that Defendants were paid a "'yield spread premium,'" i.e., a rebate." ECF No. 31-2 at 21 ¶ 107; *see also* ECF No. 1-1 at 20 ¶¶ 83-84.  He also alleges that the defendants failed to disclose that the lender was affiliated with Gateway, the servicer, who sold servicing rights to Aurora.  ECF 31-2 at 21 ¶ 109; ECF No. 1-1 at 20 ¶ 82.

        Defendant argues that this portion of the complaint fails to state a claim because there is no allegation that defendants collected a fee and split it with others who performed no service.  ECF No. 7-1 at 17.  They also argue that the claims are barred by the statute of limitations.  Plaintiff counters that he cannot know the nature of the kickback scheme until he conducts discovery and that he is entitled to equitable tolling because the RESPA violations were purposefully hidden from him.

        RESPA creates a private right of action for violations of its provisions relating to the payment of kickbacks or unearned fees, 12 U.S.C. § 2607; the employment of particular title

10

insurers at a seller's insistence, 12 U.S.C. § 2608; and notification of the transfer of servicing rights, 12 U.S.C. § 2605. *Dizon v. California Empire Bancorp.*, 2009 WL 3770695, at *4 (C.D. Cal. Nov. 9, 2009). There is no private right of action for failure to disclose information required by 12 U.S.C. §§ 2603 and 2604 during the loan origination process. *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549, 557 (9th Cir. 2010) (no private right of action relating to the HUD-1 Settlement Statement); *Labuanan v. U.S. Bank National Assn.*, 733 F.Supp.2d 900, 909 (D. Haw. Feb. 24, 2011); *Ambriz v. Equifirst Corp.*, 2010 WL 2754248, at *1 (S.D. Cal. July 9, 2010). A claim under § 2607 must be brought within a year after the "date of the occurrence of the violation . . ." while claims under § 2605 must be brought within three years. *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1117 (E.D. Cal. 2009); *Dizon*, 2009 WL 3770695, at *4; 12 U.S.C. § 2614.

To the extent plaintiff's claims are based on purported failures provide to appropriate HUD-1 settlement statements and good faith estimates, they do not state a claim under RESPA. His claim that the defendants were paid a rebate in the form of a yield spread premium (YSP) is insufficient to state a claim for a RESPA violation, for the payment of a YSP is not per se illegal under RESPA. *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). Although plaintiff parrots HUD's test for determining whether a YSP is reasonable under RESPA, he goes no further and does not describe why the alleged YSP in this case does not meet HUD's reasonableness test. ECF No.31-2 at 20-21 ¶¶ 105-106.

In addition, the statute of limitations has run on this RESPA claim. As noted, claims stemming from violations of § 2607 must be filed within a year of the alleged violation. Even assuming that equitable tolling applies to these claims, as plaintiff argues, nothing in his complaint even suggests he is entitled to rely on the doctrine. *See Hoilien v. Bank of America*, 2011 WL 2518731, at *8 (D. Haw. June 23, 2011) (Ninth Circuit has not yet decided whether equitable tolling applies to RESPA claims); *Gerhart v. Beazer Homes Holding*, 2009 WL 799256, at *3-6 (E.D. Cal. Mar. 23, 2009) (analyzing equitable tolling claim in RESPA case).

Plaintiff's bare claim of fraudulent concealment is insufficient. *Edstrom*, 2010 WL 4069482, at *3.

F. Fraud

In his original complaint, plaintiff's cause of action for fraud is pleaded against all defendants: that they should have known he could not afford the loan they offered plaintiff, concealed and suppressed facts for financial gain, allowed him to make payments in the belief he was curing his default but then applied those payments to "costs" rather than to arrearages, and that he relied on the deception. ECF No. 1-1 at 24-25 ¶¶ 20, 32, 106-121. In the proposed amended complaint, plaintiff limits his fraud claims to defendant Aurora and has added claims of fraud in the inducement and constructive fraud. The factual allegations are similar: immediately after receiving the notice of default, a representative of defendant Aurora told plaintiff if he would pay $5,000, the default proceedings would be put on hold and sent plaintiff a forebearance agreement. Plaintiff sent $5,000 and began making monthly payments larger than those due under the provisions of his loan. In June 2008, a representative of Aurora told plaintiff the $5,000 was "overage," which was applied to administration fees, and plaintiff was now $12,000 behind on the mortgage. In September 2008, a representative of Aurora told plaintiff he was $20,000 behind, even though plaintiff had been making his loan payments. Plaintiff "is informed and believes that Defendant Aurora fraudulently took the extra payments . . . while fully intending to foreclose on the Subject Property" and that had he known this, he would not have "acted on Aurora's inducement" but rather would have tendered the entire amount of his arrearage. ECF No. 31-2 at 12-14 ¶¶ 56-69. He also alleges that when Aurora made "the false representations concerning the Subject Loan" it "had no reasonable grounds for believing that these representations were true, and AURORA intended that these representations induce Plaintiff to take the actions herein alleged . . ." and that plaintiff "was duped and has suffered an onerous foreclosure proceeding and a trustee sale of his home, and has been forced to defend an Unlawful Detainer action." ECF No. 31-3 at 15 ¶¶ 74-75

12

Defendants allege that the allegations do not meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and that any claims stemming from the loan origination are barred by California's three year statute of limitations for fraud. ECF No. 7-1 at 20-21. They do not address that portion of the original complaint alleging that Aurora allowed plaintiff to make payments, believing he was thereby curing the default.

To satisfy Rule 9(b)'s pleading requirements, the complaint must "'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.,* 567 F.3d. 1120, 1124 (9th Cir. 2009)). To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations. *Id*.; *Dooms v. Federal Home Loan Mortgage Corporation*, 2011 WL 1232989, at *14 (E.D. Cal. Mar. 31, 2011).

In California, "'the necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1239 (1995) (quoting *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092, 1108 (1988)). Fraud in the inducement is "in essence a claim of promissory fraud," which in turn is a "subspecies of fraud and deceit." *Engalla v. Permanente Medical Group, Inc*., 15 Cal.4th 951, 973 (1997). A promise made without the intention to perform is an implied misrepresentation of fact that may be actionable fraud. *Id.* "'An action for promissory fraud may lie where defendant fraudulently induces the plaintiff to enter into a contract.'" *Id*. (quoting *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Constructive fraud, on the other hand, "is a unique species of fraud applicable only to a fiduciary or confidential relationship." *Assilzadeh v. California Federal Bank, FSB*., 82 Cal.App.4th 399, 415 (2000) (quoting *Salahutdin v. Valley of California, Inc*., 24 Cal.App.4th 555, 562 (1994)).

The FAC's allegations satisfy Rule 9(b)'s pleading requirements, for they identify the dates of the conversations (March, June and September 2008), the identity of the parties (plaintiff and a "representative of defendant Aurora"), and the nature of the fraud (that money would cure the default when in fact it was being applied to corporate costs). In addition, plaintiff alleges he relied on the representations, as demonstrated by his continued payments, but would not have entered into the workout agreement had he known the payments would not be applied to cure his default. This is sufficient for fraud and fraud in the inducement.

Plaintiff's allegations do not support his claim of constructive fraud, however. Under California law there is no fiduciary relationship between a lender and a borrower when "the institution's involvement in the loan transaction does not exceed the scope of its conventional role as mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991); *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1129 (N.D. Cal. 2009). Courts have similarly determined that a loan servicer owes no fiduciary duty to a borrower "when its involvement in the transaction does not exceed the scope of its conventional role as a loan servicer such that it assumed a fiduciary duty." *Huerta v. Ocwen Loan Servicing, Inc.*, 2010 WL 728223, at *4 (N.D. Cal. Mar. 1, 2010); *Walters v. Fidelity Mortgage of California, Inc.*, 730 F.Supp.2d 1185, 1205 (E.D. Cal. 2010). Plaintiff has pleaded nothing suggesting that Aurora acted as anything but a conventional loan servicer in offering the workout agreement.[3]

G. Declaratory and Injunctive Relief

Plaintiff includes causes of action for declaratory and injunctive relief in both complaints. In the "cause of action" for declaratory relief, plaintiff asks for a declaration that defendants do not have the right to foreclose because of the other violations described in the

---

[3] A fiduciary relationship exists when one of the parties to a transaction "is duty bound to act with the utmost good faith for the benefit of the other party." *Barbara A. v. John G.*, 145 Cal.App.3d 369, 382 (1983).

14

complaint. ECF No. 1-1 at 11-12 ¶¶ 41-43; ECF No. 31-2 ¶¶ 115-122. In the "cause of action" for injunctive relief, plaintiff asks that defendants be enjoined from foreclosing or evicting. ECF No. 1-1 at 13 ¶¶ 45-48; ECF No. 31-2 at 25 ¶¶ 129-132.

"'[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation.'" *Gallant v. Deutsche Bank Nat. Trust Co*., 766 F.Supp.2d 714, 719 (W.D. Va. 2011) (quoting *Tapia v. United States Bank, N.A.*, 718 F.Supp.2d 689, 695 (E.D. Va. 2010), *aff'd by Tapia v. U.S. Bank. N.A.,* ___ F.3d ___, 2011 WL 3268557 (4th Cir. Aug. 1, 2011)). Such relief is unavailable where the alleged wrongs have occurred. *Id*. Because plaintiff's house has been sold at a trustee's sale, declaratory relief is inappropriate. *Id*. In addition, injunctive relief is a remedy, not a cause of action. These causes of action should be dismissed without leave to amend.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss (ECF No. 7) is granted without leave to amend as to the following claims in plaintiff's first amended complaint: for injunctive and declaratory relief; TILA rescission; RESPA claims based on an improper HUD-1 settlement statement and the absence of good faith estimates; and wrongful foreclosure, to the extent it is based on alleged violations of Cal. Civ. Code § 2932.5. The motion is granted with leave to amend as to the following other claims in the first amended complaint: the TILA damages claim; RESPA claim based on the YSP; and constructive fraud. The motion is denied as to plaintiff's claims of fraud and fraud in the inducement.

2. Plaintiff's motion for leave to file an amended complaint (ECF No. 31) is granted but the complaint is dismissed. Within twenty-one (21) days of the date of this order,

/////
/////
/////
/////

15

1  plaintiff may file a second amended complaint in conformance with this order or may notify the
2  court he elects to proceed on those portions of the first amended complaint the court has found
3  sufficient or has not reviewed.
4  DATED: October 7, 2011.

                                     UNITED STATES DISTRICT JUDGE