1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT MICHAEL WILLIAMSON,

11          Plaintiff,                    Civ. No. S-10-2600  KJM DAD
            vs.
12

13   SACRAMENTO MORTGAGE, INC.,           ORDER
     et al.,
14
            Defendants.
15   _____/

16   I.  Background

17          This action, challenging a foreclosure, was filed in Sacramento County Superior

18   Court on July 1, 2010, by plaintiff acting in pro per. ECF No. 1-1 at 2.  On September 22, 2010,

19   defendants Aurora Loan Services (Aurora) and Mortgage Electronic Registration Services

20   (MERS) removed the case to this court; defendants Quality Loan Service and Chicago Title

21   joined in the notice of removal. ECF Nos. 2, 3. Because plaintiff was representing himself, the

22   case was referred to a magistrate judge. Local Rule 302(c)(21).

23          On September 29, 2010, defendants Aurora and MERS filed a motion to dismiss

24   for failure to state a claim, supported by a request for judicial notice. ECF Nos. 7-8. After

25   argument, the magistrate judge submitted the motion. *See* ECF No. 22.  After the matter was

26   submitted, plaintiff obtained counsel. ECF Nos. 25, 27. Counsel sought leave to file an amended

1   complaint raising ten causes of action: (1) wrongful foreclosure against all defendants; (2) fraud

2   and fraud in the inducement against Aurora; (3) constructive fraud against Aurora; (4)

3   negligence against Aurora; (5) negligent misrepresentation against Aurora; (6) TILA violations

4   against all defendants; (7) RESPA violations against all defendants; (8) declaratory relief against

5   all defendants; (9) cancellation of instruments; and (10) injunction against all defendants. ECF

6   No. 31-2.  The court considered the request to amend in the context of the motion to dismiss,

7   found that the amended complaint waived certain claims in the original complaint, and granted

8   the motion to dismiss without leave to amend as to plaintiff's claims for injunctive and

9   declaratory relief, TILA rescission, RESPA claims based on an improper HUD-1 settlement

10   statement and absence of good faith estimates, and wrongful foreclosure to the extent the claim

11   was based on a violation of California Civil Code § 2932.5.  The court gave plaintiff leave to

12   amend as to the  TILA damages claim, the RESPA claim based on the yield spread premium, and

13   constructive fraud.  The court found the complaint stated claims for fraud and fraud in the

14   inducement against Aurora.  ECF No. 34.  The court informed plaintiff he could elect to stand on

15   those portions of the amended complaint deemed to state a cause of action and not reviewed in

16   the motion to dismiss in lieu of filing an amended complaint.  *Id*.  Plaintiff gave such a notice.

17   ECF No. 35.  Accordingly, plaintiff is proceeding on claims of fraud and fraud in the inducement

18   against Aurora, negligence and negligent misrepresentation against Aurora, and cancellation of

19   instruments against Aurora.

20          At approximately 9:00 a.m. on November 9, 2011, plaintiff filed a motion for a

21   temporary restraining order against Aurora, seeking to restrain it from reselling the property

22   located at 8633 Marmon Way, Sacramento, California or from evicting plaintiff from that

23   property during the pendency of these proceedings.  ECF No. 38.  Plaintiff says that the urgency

24   arose because of an unlawful detainer proceeding scheduled to be heard in Sacramento County

25   Superior Court on November 10, 2011 at 10:00 a.m.  ECF No. 38 at 1-2.

26   ////

II.   <u>Standard For The Issuance Of A Temporary Restraining Order</u>

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

Here, plaintiff has not made a sufficient showing of likelihood of success on the merits and has not addressed why this court should not abstain from the ruling because of the pendency of the state action; he also has not addressed why he could not have sought relief earlier.

III.   <u>Local Rule 231</u>

Under Local Rule 231, this court "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity of seeking last-minute relief by motion for temporary restraining order."  Plaintiff has submitted the declaration of Christopher Sims, who said he contacted defendant's counsel on November 8, 2011 seeking a stipulation to postpone the unlawful detainer proceedings.  ECF No. 41.  Plaintiff has also submitted his own declaration but does not address when he was first notified of the unlawful detainer proceedings.  He does note, however, that the trustee's sale occurred on

1  August 12, 2010.  ECF No. 42 ¶ 16.  Plaintiff's failure to explain why he waited until the day

2  before the scheduled unlawful detainer proceedings to seek injunctive relief is a sufficient basis

3  to deny the motion.

4  IV.  Abstention

5          In *Younger v. Harris*, 401 U.S. 37, 53-54 (1971), the Supreme Court recognized a

6  long-standing policy against federal court interference in on-going state proceedings.

7  *Younger* abstention is appropriate when (1) there are ongoing state proceedings (2) that implicate

8  important state interests and (3) there is an adequate opportunity to raise federal issues in the

9  state proceedings.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,

10  432 (1982).  A number of courts have found *Younger* abstention appropriate when asked to

11  restrain state unlawful detainer proceedings.  *See Coyotzi v. Countrywide Financial Corp.*, 2009

12  WL 2461336, at **1-2 (E.D. Cal. Aug. 11, 2009); *Hicks v. Superior Court of California*, 2008

13  WL 489894, at *3 (E.D. Cal. Feb. 20, 2008); *Contreras v. MTC Financial Inc.*, 2010 WL

14  5441950, at *1 (N.D. Cal. Dec. 28, 2010).

15          Defendant argues that abstention is proper under *Colorado River Water*

16  *Conservation District v. United States*, 424 U.S. 800 (1976).  In light of *Colorado River*, the

17  court should consider these factors in deciding whether to stay or dismiss a case:  "(1) whether

18  either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums;

19  (3) the desirability of avoiding piecemeal litigation; [] (4) the order in which the forums obtained

20  jurisdiction[;] (5) whether state or federal law controls; and (6) whether the state proceeding is

21  adequate to protect the parties' rights."  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir.

22  1989) (internal citations omitted).  In *Scherbenske v. Wachovia Mortg., FSB*, 626 F.Supp.2d

23  1052 (E.D. Cal. 2009), the court found *Colorado River* abstention appropriate because an

24  unlawful detainer action is *quasi in rem* and, under Ninth Circuit authority, the court that first

25  assumes custody of the property has exclusive jurisdiction.  *Id*. at1056-57.  Plaintiffs have not

26  provided any authority to persuade this court that abstention is not appropriate.

1      To the extent plaintiff is asking the court to enjoin an eviction rather than to

2  enjoin the unlawful detainer proceedings themselves, he has not demonstrated a likelihood of

3  success on the merits.

4  V.  Wrongful Foreclosure

5      To the extent any claim of wrongful foreclosure survives in the guise of plaintiff's

6  claim for cancellation of instrument, it cannot be based on a violation of California Civil Code

7  § 2932.5; the court granted the motion to dismiss on that claim.  To the extent the claim is based

8  on plaintiff's argument that MERS lacked the authority to transfer any interest in the deed and

9  note to Aurora or to appoint a new trustee, plaintiff has not addressed the abundant authority

10 recognizing MERS' authority to act, whether that action be foreclosure, assignment of its

11 beneficial interest or substitution of a new trustee.  *See Pantoja v. Countrywide Home Loans*,

12 640 F.Supp.2d 1177, 1188-89 (N.D. Cal. 2009) (foreclosing); *Hensley v. Bank of New York*

13 *Mellon*, 2011 WL 2118810, at * 2 (E.D. Cal. May 27, 2011) (assigning beneficial interest);

14 *Gomes v. Countrywide Home Loans, Inc*. (2011) 192 Cal.App.4th 1149, 1154-57 (authority to

15 foreclose).

16 VI.  Notice To The Tenant

17     Plaintiff avers that he entered into a lease with a Ms. Durant, who still lives at the

18 Marmon Street address, and that Aurora has not given the statutorily-required ninety day notice

19 to her.  ECF No. 42 ¶ 5; ECF No. 40 at 7-8.  Plaintiff has not shown he has standing to raise a

20 claim based on the rights of his tenant.  *See generally Rozman v. City of Columbia Heights*, 268

21 F.3d 588, 591 (8th Cir. 2001) (holding that landlord lacked standing to assert tenant's Fourth

22 Amendment rights).  But even if plaintiff has standing to assert Ms. Durant's rights, he has

23 presented no evidence, only argument, that she was not given the required notice.

24 VII.  Fraud and Fraud In The Inducement

25     Plaintiff alleges he is likely to succeed on his claims of fraud and fraud in the

26 inducement, which this court found were adequately pleaded.  Plaintiff repeats the general

claims in his declaration:  that in 2008 Aurora misled him when he sought to cure his default and misled him in paying money that was ultimately not used to pay down his arrearage.  ECF No. 42 ¶¶ 10-12.  He has provided nothing but this declaration; the only documents he presents relating to any attempt to cure the default date from 2009 and do not clearly demonstrate any fraud.  FAC Ex. F, ECF No. 31-2 at 42-46.  His allegations alone do not demonstrate the likelihood he will succeed on the merits and are thus an insufficient basis for the issuance of a temporary restraining order.

        IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 38) is denied without prejudice.

DATED:  November 10, 2011.

_____
UNITED STATES DISTRICT JUDGE